UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LARRY DAVIS individually, and ALAN NORTHROP individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, WASHINGTON, a municipal corporation; and DONALD SLAGLE,<br><br>Defendants. | No. 3:12-cv-5765<br><br>COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF CIVIL RIGHTS<br><br>JURY DEMAND |

COME NOW Plaintiffs, Larry Davis by and through John R. Connelly, Jr. and Micah R. LeBank of Connelly Law Offices, and Alan Northrop by and through Timothy K. Ford and David J. Whedbee of MacDonald Hoague & Bayless, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

## I. NATURE OF THE ACTION

1.1 This case involves Defendants Clark County and Donald Slagle's ("Det. Slagle") willful and deliberate violation of Plaintiffs Larry Davis and Alan Northrop's constitutionally protected rights through improper and highly suggestive identification practices, the failure to provide exculpatory evidence during the course of the investigation and trial, and through Clark



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

County's negligent training, supervision, and retention of former Det. Slagle. During Det. Slagle's 26 years with the Clark County Sheriff's Office he was disciplined sixteen times and was the subject of more than 36 internal affairs investigations, and had proven unfit to work as a detective. These investigations placed Clark County on notice of Det. Slagle's dangerous propensities and substandard police work. Notwithstanding his history of misconduct, Det. Slagle was negligently retained and promoted to detective where he was given unsupervised access to investigations, including the investigation of Larry Davis and Alan Northrop. Det. Slagle pursued this investigation despite the fact that the victim had immediately failed to identify Alan Northrop as the perpetrator and could not originally identify Larry Davis without assistance from Det. Slagle. Det. Slagle then withheld exculpatory information, including the timing of the victim's non-identification of Northrop, evidence of another suspect, and evidence pertaining to the victim's veracity, that likely would have exonerated both Davis and Northrup. These violations of Larry Davis and Alan Northrup's constitutionally protected rights resulted in the wrongful conviction of two innocent men who then lost over seventeen years of their lives in prison.

1.2 In 2004, after spending eleven years in prison, Davis and Northrop sought access to previously unavailable DNA testing through The Innocence Project Northwest to prove their innocence. Clark County refused to agree to the testing, thereby ratifying the unconstitutional conduct of Detective Slagle's improper and highly suggestive identification practices and the failure to provide exculpatory evidence to the defense during the course of the 1993 trials. In 2006, only after the legislature amended the law to allow for a judicial determination of whether DNA testing could be ordered, Clark County Superior Court Judge Robert L. Harris Ordered the DNA testing that Clark County had refused to perform. DNA testing on 27 separate pieces of



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

evidence completely exonerated Davis and Northrop from the crime that they had been accused of committing seventeen years earlier. Upon receiving this new evidence, Clark County Superior Court Judge Dianne M. Woolard reversed the convictions of both Davis and Northrop.

1.3 On July 14, 2010 Clark County dismissed the charges against Davis and Northrop. Det. Slagle's relentless pursuit of these two innocent men and his withholding of exculpatory evidence was done maliciously and with deliberate indifference to their constitutionally protected rights under the Sixth and Fourteenth Amendments to the United States Constitution, and resulted in their improper conviction and incarceration. Larry Davis and Alan Northrup bring this action against Clark County and Det. Slagle to right the substantial injustice that occurred and resulted in their improper conviction and subsequent incarceration.

## II. PARTIES

2.1 Plaintiff LARRY DAVIS ("Larry") is a resident of Clark County, Washington. Larry spent seventeen years incarcerated and deprived of his liberty after being wrongfully convicted in 1993 for a crime that he did not commit.

2.2 Plaintiff ALAN NORTHROP ("Alan") is a resident of Clark County, Washington. Alan spent seventeen years incarcerated and deprived of his liberty after being wrongfully convicted in 1993 for a crime that he did not commit.

2.3 Defendant CLARK COUNTY is a municipal corporation located within the State of Washington and organized under its laws.

2.4 Defendant DONALD SLAGLE is a former detective and law enforcement officer who, at times relevant to this Complaint, worked for the Clark County Sheriff's Office. Defendant Slagle was working within the course and scope of his employment at all relevant times herein.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

## III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 42 U.S.C. § 1367.

3.2 Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant Clark County resides in this judicial district and because a substantial portion of the events and omissions giving rise to this claim occurred in Clark County, Washington, within the Western District of Washington.

3.3 Plaintiffs filed a Standard Tort Claim Form with Clark County on or about June 22, 2012 in compliance with RCW 4.92.100. Over sixty days has elapsed and Defendants have not responded.

## IV. STATEMENT OF FACTS

### A. Introduction

4.1 This case involves Defendants Clark County and Det. Slagle's willful and deliberate violation of Plaintiffs Larry Davis and Alan Northrop's constitutionally protected rights through Clark County's negligent retention and supervision of former Detective Slagle; the improper and highly suggestive identification practices employed by former Detective Slagle, and his failure to provide exculpatory evidence during the course of the investigation and trial, which resulted in the wrongful 1993 conviction and subsequent seventeen year imprisonment of Plaintiffs Davis and Northrop.

4.2 It wasn't until June 30, 2010, when The Honorable Dianne M. Woolard overturned the convictions of Larry Davis and Alan Northrop based on conclusive DNA evidence that they were exonerated. As indicated in Judge Woolard's Order overturning the



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

conviction, "none of Larry Davis or Alan Northrop's DNA was obtained from any of the twenty seven separate items of crime scene evidence that were examined." With no other evidence to uphold the conviction, Clark County was finally forced to dismiss all charges against Davis and Northrop; however, they had already endured over seventeen years of imprisonment.

4.3 An investigation launched into the circumstances of the wrongful conviction of these two innocent men revealed a host of egregious conduct, including:

1) Defendant Clark County's negligent retention of the former Detective Slagle;
2) Defendant Clark County's failure to train and supervise former Detective Slagle;
3) The failure of Det. Slagle to follow proper policies and standards, including those pertaining to investigation, questioning of witnesses, identification of criminal suspects, and turning over exculpatory evidence to the defense;
4) The failure of Defendant Slagle to investigate alternative suspects, including one associated with a known sex offender;
5) The failure of Defendant Slagle to provide information pertaining to the victim's veracity and credibility; and
6) Defendant Slagle's withholding of exculpatory evidence throughout the course of the investigation and trial.

**B. Slagle's History With Clark County Sheriff's Office**

4.4 At the core of these willful and deliberate failures and violations of Davis and Northrop's constitutional rights was Donald Slagle of the Clark County Sheriff's Office. During Det. Slagle's 26 years with the Clark County Sheriff's Office, he was disciplined sixteen times and was the subject of more than 36 internal affairs investigations.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.5 Det. Slagle's complaints and violations were numerous and frequent: in 1986, Det. Slagle was accused of making inappropriate comments to witnesses during an investigation; in January 1987, he was investigated for inappropriately firing a warning shot at a suspect. Internal investigations ensued, and noted that "the department and he would have a serious problem if [they] were sued for inappropriate actions in the future: the department for negligent retention" and that "Deputy Slagle has been previously suspended for violations of the same type." Deputy Slagle was warned that "[f]urther complaints of the same nature will result in termination."

4.6 He was not terminated, and similar complaints continued. In 1989 he had sustained complaints for improper radio communications, failure to appear for a jury trial, failure to take a domestic violence report, and violations of constitutional rights including an improper search, an unlawful arrest, and use of excessive force. In response to the last of the 1989 complaints, Sheriff Kanekoa wrote that Det. Slagle's "extensive disciplinary history with the department reflects chronic inattention to and neglect of duty" and threatened yet again that "any future similar violation will lead to [his] immediate termination."

4.7 Again, Det. Slagle was not terminated and, unsurprisingly, there was yet another sustained complaint for lack of competency in submission of reports during 1991.

4.8 Despite the outlandish number of reprimands, investigations, and sustained complaints, and despite the acknowledgment that he was a liability to the department, Det. Slagle was not terminated, and instead he was promoted to detective and put in charge of the investigation that led directly to the wrongful conviction and imprisonment of Larry Davis and Alan Northrop.

////



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

**C. January 11, 1993 Rape of Kari Morrison**

4.9 On January 11, 1993, Kari Morrison reported that she was raped by two unknown assailants in La Center, Washington. According to Ms. Morrison, the attackers tied her up and put tape over her eyes, and then one man raped her as the other held her down. She only caught a glimpse of the two men. After the perpetrators left, Ms. Morrison called 911, providing few details about the two men.

4.10 Detective Slagle and other deputies from the Clark County Sheriff's Office responded to the call. Detective Slagle interviewed Ms. Morrison, who described the one assailant as a "white, male, early to mid-20's[,] 5' 10" tall, 170 pounds[,] Dk. [dark] Bro. [brown] hair, dark eyes, Medium complexion, ear length hair and long around the face" and the other assailant as a "white, male, early to mid-20's[,] 6' 01" tall, 210 pounds[,] shoulder-length, dirty blond hair, very fair complexion with 'pink' spots on the face, muscular." On January 12, 1993, Detective Slagle filed a report noting these descriptions.

4.11 Deputy Jana Anderson met with Ms. Morrison to interview her and make a composite sketch of the assailants. Deputy Anderson made a sketch of the brown-haired assailant, which was completed on January 13, 1993, but no sketch of the blond-haired assailant could be made because Ms. Morrison was unable to provide sufficient detail.

**D. The "Investigation"**

4.12 At almost the same time, Detective Slagle had Sue Roth of the Sheriff's Office put together a photo montage or "laydown" that contained a photograph of Alan Northrop and several other fillers. Detective Slagle met with Ms. Morrison at the Sheriff's Office and, with no one else present, showed her the laydown. When asked whether one of the perpetrators was among the photos, Ms. Morrison answered in the <u>negative</u>. In other words, approximately three



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

days after the alleged rape, Ms. Morrison could not and did not identify Alan Northrop's photograph.

4.13 The disclosure of this non-identification, occurring a mere three days after the attack at a time when the memories of the assailant would much fresher in Ms. Morrison's mind, would have badly undermined the prosecution's case – which was completely dependent on Ms. Morrison's testimony. However, Detective Slagle made no report pertaining to his meeting with Ms. Morrison and, throughout the entire course of the ensuing investigation and trial, withheld this meeting from both the prosecution and defense.

4.14 It wasn't until the actual photographs were recovered and the time-stamp—located on the back of the photographs and not included in one-sided copies given to the defense and prosecution—established that the array was compiled on January 14, 1993.

4.15 Detective Slagle later filed a report that read "On 2-2-93 I received information from Officer Brent Murray of the La Center Police Department that the composite drawing appeared to be that of Alan Northrup [sic]. He went on to say that Northrup [sic] had a friend, Steven Shade, that resembled the description given for the second suspect in the incident." This report was not made until February 17, 1993. Also in the report Detective Slagle claimed that he had received anonymous calls that the drawing appeared to be Alan Northrup. None of these so-called anonymous tips were ever corroborated throughout the investigation.

4.16 In the same report Detective Slagle documented that he interviewed Steven Shade, an inmate at the county detention center. Detective Slagle did not document the date of this interview, but claims that Shade initially "knew nothing" about a rape in La Center. However, after Detective Slagle told Shade that "[he] had received several telephone calls…that the composite drawing appeared to be Alan Northrop," Shade allegedly told Detective Slagle that



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

the drawing looked like Alan Northrup. Shade, who was now a suspected accomplice to a rape, gave Detective Slagle another potential suspect, one who would meet the description of the blond assailant: Larry Davis.

4.17 It was at this point in the investigation that Detective Slagle claims that he associated Larry Davis and Alan Northrop as the two perpetrators. He pulled a booking photograph of Larry Davis and assembled a photo montage.

4.18 On February 2, 1993, Detective Slagle and Detective Ed Kingrey took the photo montage to Ms. Morrison, who looked at the photographs and said she "couldn't i.d. his face." Knowing that she had previously stated that she could not identify the blond individual and that she had been unable to provide sufficient details to create a sketch of the blond attacker, Detective Slagle used suggestion. He had Ms. Morrison study the array of photos for fifteen to twenty minutes, ultimately coaching her via verbal and/or non-verbal cues until she picked the photograph of Larry Davis.

4.19 The same day, February 2, 1993, Detective Slagle and Detective Kingrey went to Woodland, Washington to search for Davis and Northrop. They located Northrop in a local tavern, and Northrop was arrested for an outstanding misdemeanor warrant.

4.20 On February 3, 1993 Detective Slagle arrested Larry Davis. On February 9, 1993, he was charged with the rape and kidnapping of Kari Morrison.

4.21 After Ms. Morrison's alleged tentative identification of Larry Davis, Ms. Morrison learned Larry's name and the name of Alan Northrop through leaks within the Clark County Sheriff's Office. Ms. Morrison then contacted the jail and learned that Larry Davis was in fact being held there.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.22 On March 11, 1993, Davis was placed in a live lineup at the police station. Of the individuals in the live lineup, Davis was the only person whose picture had appeared in the photo laydown presented on February 2, 1993. Ms. Morrison identified Larry, rating her degree of certainty as a 7 or 8 out of 10. She later revealed that upon viewing the lineup, she "figured [that] if the blond [sic] is still here then the blond [sic] is Larry Davis and the short haired one that they're looking for is Alan." Detective Slagle led Ms. Morrison to identify Larry Davis during the line-ups.

4.23 That same day, Ms. Morrison was also told that she had failed to identify Northrop in the earlier photo laydown, but that he would be featured in a lineup soon thereafter. Detective Slagle said to her: "[w]e can't do anything with him because you haven't been able to i.d. him." Ms. Morrison understood from this that "the only alternative they [the police] have, it sounds like, is if I can i.d. him through a line-up." Having already seen Alan Northrop's photograph and knowing that she had failed to identify him the first time, Ms. Morrison knew she needed to identify him in a line-up in order for the case against him to move forward.

4.24 On April 5, 1993, Ms. Morrison attended a line-up which included Alan Northrop and, just as occurred with Larry, Alan was the only person in the lineup whose photo was repeated from the original photo montage. Ms. Morrison knew that the police believed Alan to be a suspect, that he had been in the initial photo laydown, and that he would also be in the live lineup. Knowing that an arrest of Alan depended on her identification of him, she identified him.

4.25 On April 6, 1993, Alan Northrop was charged with the rape and kidnapping of Kari Morrison.

////

///



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

**E. Withholding of Exculpatory Evidence**

4.26 During Det. Slagle's investigation of Davis and Northrop in late February 1993, the Clark County Sheriff's Office was contacted by a man who had seen the police drawing of the Morrison rape suspect and believed the suspect could be Monte Ollom, an acquaintance who had been in jail "on several occasions." Mr. Ollom was said to be living with a "child molester" and a "drug user."

4.27 In response, CCSO Deputy Jana Anderson met with the caller, identified Mr. Ollom's address, and found a past booking photo of Ollom, which resembled the police sketch of the rape suspect. Deputy Anderson attached the sketch and photo to a report, along with a criminal history that contained three assaults in the years before the January 11, 1993 rape. Then, according to her report, she "refer[red] this information to Detective Slagle for additional follow up."

4.28 Det. Slagle never followed up on this lead or provided Dep. Anderson's report to the prosecutor or defense. This exculpatory evidence that provided another potential suspect was withheld, and as a result, the juries in the Davis and Northrop trials never heard any suggestion or evidence that there was another suspect. Had the jury heard evidence pertaining to the existence of another suspect, the outcome of the Davis and Northrop trials likely would have been different.

4.29 Had the defense been aware of the actual chronology of events, and had it been able to develop the fact that Ms. Morrison did not identify Mr. Northrop as the perpetrator soon after the rape, the outcome of the trial likely would have been different. The fact that Det. Slagle withheld the actual circumstances of his "developing" Mr. Northrop "as a suspect" also bears on



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

his credibility and calls into question what motivated Det. Slagle to target Alan Northrop and Larry Davis by association.

4.30 In March 1992, nine months before the assault, Timothy Driver, a local restaurant owner, reported to the Clark County Sheriff's Office that in the previous months Kari Morrison had forged checks belonging to his restaurant totaling nearly $30,000.00. The Clark County Sheriff's Office investigated and corroborated the report.

4.31 Ms. Morrison's credibility was central to the prosecution. Her testimony was the only evidence that put either defendant at the scene. Yet the Clark County Sheriff's Office (including Det. Slagle) did not disclose the report, or the fact that Ms. Morrison was facing pending charges, to Larry or Alan's defense counsel or the prosecuting attorney.

4.32 The Clark County Prosecuting Attorney's Office finally learned of the embezzlement evidence and investigation after Alan's trial. Its exculpatory significance was obvious to the prosecutor who promptly disclosed the information to Alan's appellate counsel. But the after-the-fact disclosure did not allow the defense to explore questions about Ms. Morrison's credibility as a witness for the Davis and Northrop trials, her criminal associations, or the possibility any assault was perpetrated or ordered to harm or punish her.

4.33 Given the complete and utter dearth of any other evidence, and the prosecution's complete reliance on Ms. Morrison's testimony in order to prove its case against Larry and Alan, the disclosure of any one of these pieces of exculpatory and impeaching facts would likely have made a difference in the outcome of Larry and Alan's trials, and they would not have been convicted of a crime that they did not commit.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.34 On May 13, 1993, unaware of the concealed exculpatory evidence, a jury convicted Larry Davis of burglary, kidnapping, and rape, based only on the suggestive eyewitness identification of Kari Morrison.

4.35 On July 8, 1993, unaware of the concealed exculpatory evidence, a jury convicted Alan Northrup of burglary, kidnapping, and rape, based only on the suggestive eyewitness identification of Kari Morrison.

**F. The Exoneration**

4.36 In the years following the 1993 investigation of Davis and Northrop, Det. Slagle had other sustained complaints for incompetency, failure to investigate a domestic violence report, use of excessive force and—again—the failure to submit a report that would have exposed his wrongful actions. Tellingly, the findings in that investigation noted that "[a] basic tenant in investigations is the idea that there are two sides to every story" but Detective Slagle ignored that and "made a judgment based upon incomplete information . . . ." This was something that Detective Slagle had made a practice in the course of pursuing investigations. He would zone in on a single suspect and ignore all evidence to the contrary in order to ensure that a conviction was obtained.

4.37 In 2004 there was yet another failure to document use of force. Chief Mike Evans on behalf of Sheriff Lucas wrote:

> [t]his is the third time I have suspended you without pay in the past few years. . . . It is clear that you are not heeding the message. This is the last suspension letter that I intend to write to you. Please understand that continued behavior such as this will lead to the termination of your employment with the Clark County Sheriff's Office.

Despite multiple complaints over the next years, the Clark County Sheriff's Office continued to employ Detective Slagle.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.38 In 2006, the Clark County Sheriff's Office finally allowed Detective Slagle to tender his resignation, which he had planned to do anyway.

4.39 During this time, Clark County continued to defend the convictions of Alan and Larry, and to resist their requests for DNA testing, despite knowledge of Detective Slagle's history of misconduct and his multiple misrepresentations and failures to disclose exculpatory evidence described above.

4.40 In 2004, after spending eleven years in prison, Larry and Alan sought access to previously unavailable DNA testing through the Innocence Project. Clark County refused to agree to the testing, thereby ratifying the unconstitutional conduct of Det. Slagle's improper and highly suggestive identification practices, and his failure to provide exculpatory evidence to the defense during the course of the 1993 trials.

4.41 On January 31, 2006, only after the legislature amended the law to allow for a judicial determination of whether DNA testing could be ordered, Clark County Superior Court Judge Robert L. Harris Ordered the DNA testing that Clark County had refused to perform. DNA testing on 27 separate pieces of evidence completely exonerated Davis and Northrop from the crime that they had been accused of committing seventeen years earlier. On June 30, 2010 the Honorable Diane M. Woolard set aside the verdicts against Larry and Alan based on the irrefutable and conclusive results of the DNA evidence. Subsequently, on July 14, 2010, Clark County dismissed the charges against Larry and Alan. By the time that they were finally exonerated, Larry Davis and Alan Northrop had spent seventeen years in prison for crimes they did not commit.

/////

//



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

## V. FIRST CAUSE OF ACTION – FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983 BY DEFENDANT SLAGLE

5.1 Defendant Slagle's conduct constitutes deprivation of Larry Davis and Alan Northrop's federally protected rights under color of law, including the rights guaranteed under the Sixth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 by using unduly suggestive witness identification procedures and by withholding material exculpatory evidence prior to the trials of Larry Davis and Alan Northrop. Defendant Slagle's violation of Plaintiffs' constitutionally protected rights was done maliciously, with deliberate indifference, and with reckless disregard for their constitutional rights. As a direct and proximate result of Det. Slagle's deliberate indifference to Plaintiffs' constitutional rights, they have suffered damages including punitive damages in an amount to be proven at trial.

## VI. SECOND CAUSE OF ACTION – NEGLIGENCE AGAINST DEFENDANT SLAGLE AND DEFENDANT CLARK COUNTY

6.1 Defendants owe a duty of reasonable care in the investigation and prosecution of criminal suspects.

6.2 This duty includes the duty to follow proper police procedures during and investigation of suspects, to refrain from utilizing unnecessarily suggestive identification practices, and to turn over exculpatory evidence.

6.3 Defendants breached this duty by failing to follow proper police practice and procedures, failing to turn over exculpatory evidence including evidence of another potential suspect, by hiding important information about the victim's non-identification of the Plaintiffs, and by using unnecessarily suggestive identification procedures during the course of the investigation and trial of Larry Davis and Alan Northrop.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

6.4 Det. Slagle was working in the course and scope of his employment as a Clark County Detective and Clark County is therefore vicariously responsible for his conduct under Washington state law.

6.5 Defendants' breach of its duty is the direct and proximate cause of injury and harm to Plaintiffs, including the wrongful conviction and incarceration for over seventeen years, and other general and special damages as set forth herein.

## VII. THIRD CAUSE OF ACTION – NEGLIGENT TRAINING/SUPERVISION/RETENTION OF FORMER DETECTIVE SLAGLE

7.1 Defendant Clark County has a duty to properly hire, train, and supervise its employees, including Det. Slagle, and to protect the rights and safety of citizens subjected to his police power.

7.2 This duty includes the duty to train officers regarding proper police practices and procedures in order to ensure that these procedures and practices are followed during the course of criminal investigations.

7.3 This duty also includes the responsibility to ensure the police officers do not engage in suggestive and improper identification tactics during the course of an investigation and the obligation to turn over known exculpatory information that has the potential to exonerate a criminal suspect.

7.4 Defendant Clark County breached its duty to properly train and supervise Det. Slagle and then negligently retained him after he was placed on notice regarding his dangerous propensities and substandard police work.



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

7.5 Defendant Clark County's negligent retention and supervision of Det. Slagle is a direct and proximate cause of injuries and harm to Plaintiffs, including their wrongful conviction and incarceration and other general and special damages as set forth herein.

## VIII. FOURTH CAUSE OF ACTION – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE)

8.1 Defendant's conduct in depriving Plaintiffs of their constitutionally protected rights, negligently retaining and then failing to supervise former Det. Slagle, and Det. Slagle's relentless pursuit of these two innocent men through the process of conducting improper and highly suggestive identification procedures, failing to turn over exculpatory evidence including evidence of another suspect that could have exonerated Larry Davis and Alan Northrop was extreme and outrageous and resulted in the intentional infliction of emotional distress to Larry Davis and Alan Northrup whose liberty was taken and lives were ruined. Defendant Clark County is vicariously liable for Det. Slagle's intentional and/or reckless conduct under Washington law.

8.2 Defendants' actions and omissions as described herein are a direct and proximate cause of injuries and harm to Plaintiffs, including their wrongful conviction and incarceration and other general and special damages as set forth herein.

## IX. DAMAGES

9.1 Larry Davis and Alan Northrop were accused of committing a crime which they did not commit and then when the evidence showed that they were not the right suspects their constitutional rights were violated over and over again by an aggressive detective who was dead set on convicting these two innocent men. They were subject to humiliation, fear, scorn, and ridicule as alleged rapists. Larry Davis and Alan Northrop spent over seventeen years in prison



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

for crimes they did not commit. They lost their entire young manhood. They were kept away from their families, lost loved ones, missed children growing up, and lost their chance for a normal life. Their parents and loved ones passed away without ever knowing of their vindication.

9.2 Larry Davis and Alan Northrop were deprived of their liberty in conditions that were harsh, dangerous, and frightening, all of which created severe emotional distress, anxiety, discomfort, and pain, loss of enjoyment of life, mental anguish, and humiliation.

9.3 Larry Davis and Alan Northrop lost earnings for the seventeen years of incarceration, and earning capacity because they could not develop their education and/or vocational skills in the same manner had they not been incarcerated.

9.4 Larry Davis and Alan Northrop suffered untreated injuries from these conditions.

9.5 Larry Davis and Alan Northrop were labeled sex offenders and subject to the threats, assaults, humiliation and degradations that accompany that label in addition to damage to their reputation. They were humiliated and made outcasts in their communities and their families. They were required to register as sex offenders even after their release.

9.6 Larry Davis and Alan Northrop lost wages, lost earning capacity, incurred legal expenses, suffered physical and emotional injuries, suffered damage to reputation, lost the ability to enjoy life, and suffered other general and special damages as a result of the defendants' wrongful actions described above to be proven with specificity at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demands a jury trial and further, that Plaintiffs be awarded:

1. Economic and non-economic damages in an amount to be proven at trial;



MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

2. Punitive damages against the non-municipal Defendant to the extent authorized by law in an amount to be proven at trial;

3. Plaintiffs' reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988 or otherwise to be provided by law;

4. Statutory attorneys fees and costs as provided by law; and

5. For such other and further relief as the Court deems just under the circumstances.

DATED this ____ day of August, 2012

**CONNELLY LAW OFFICES**

BY_/s/John R. Connelly, Jr._______________

John R. Connelly, Jr., WSBA No. 12183
jconnelly@connelly-law.com
Micah R. LeBank, WSBA No. 38047
mlebank@connelly-law.com
2130 N. 30th Street, Tacoma, WA 98403
(253) 593-5100
Attorneys for Plaintiff Larry Davis

**MACDONALD HOAGUE & BAYLESS**

BY _/s/Timothy K. Ford_______________

Timothy K. Ford, WSBA # 5986
David J. Whedbee, WSBA # 35977
timf@mhb.com; davidw@mhb.com
705 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 622-1604
Attorneys for Plaintiff Alan Northrop