UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY DAVIS, individually and ALAN NORTHROP, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, WASHINGTON, a municipal corporation, and DONALD SLAGLE,<br><br>Defendants. | CASE NO. 12-5765 RJB<br><br>SUPPLEMENTAL ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Order on Defendants' Motion for Summary Judgment. Dkt. 69. The Court has considered the pleadings filed regarding the motion, argument of counsel, and the remaining file.

## I. FACTS

The facts and procedural history are in the Court's Order on Defendants' Motion for Summary Judgment (Dkt. 68, at 1-19) and are adopted here. The Court ruled on a portion of Plaintiffs' Motion for Reconsideration at the pretrial hearing, reserving the question of whether the prior Order should stand regarding the dismissal of Plaintiffs' state law claims for negligence against Clark County until after Plaintiffs filed a brief clarifying that claim. The brief has been filed and the motion for reconsideration is now ripe for decision.

In the original motion for summary judgment, Defendants moved to dismiss all the state claims, arguing first that they were barred by the statute of limitations. Dkts. 25 and 51. The motion to dismiss all state law claims as barred by Washington's statute of limitations was granted to the extent that those claims were based on events occurring before August of 2009. Dkt. 68. The prior Order noted, however, that there was an exception in Washington law to the application of the statute of limitations where a plaintiff did not know or have reason to know of facts to support their claim. Dkt. 68. The Order found that "Plaintiffs point out that there was some evidence that they did not know of, or have reason to know of, and that was the contents of the archived box found in the Clark County Sheriff's Office that was not turned over to the Clark County Prosecutors and was only produced to the Plaintiffs on March 8, 2013" and a report regarding another potential suspect, Monte Ollom, which was not turned over until sometime after this litigation began. *Id*. The prior Order found that to the extent that Plaintiffs based their state law claims on evidence contained in Det. Slagle's archived box or the other suspect evidence of the report about Monte Ollom, they are not barred by the statute of limitations because those facts were not known to Plaintiffs before 2009. *Id.*

The prior Order then went on to rule on the Defendants' second basis to seek dismissal of the Plaintiffs' state law negligence claims: that there is no recognized tort of negligent investigation in the state of Washington. Dkt. 68. The prior Order held that to the extent that Plaintiffs' claims are based on negligent investigation (whether as asserted against Det. Slagle or against Clark County) the motion should be granted and those claims dismissed. Dkt. 68. Further, the prior Order noted in regard to Plaintiffs' claim under Washington law for negligence against Clark County under the County's independent duty to properly train and supervise it's employees that:

> Washington employers do have a limited duty to control an employee for the protection of third parties. *Niece v. Elmview Group Home*, 131 Wash.2d 39, 48 (1997) (holding 'where an employee is acting outside the scope of employment, the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others"). "This direct, independent duty can give rise to an action for negligent hiring, training, and supervision." *LaPlant*, at 478. In order to make such a claim under Washington law, Plaintiffs must point to evidence that Det. Slagle (or other county employees) were acting outside the scope of their employment. *Niece v. Elmview Group Home*, 131 Wash.2d 39, 48 (1997). Plaintiffs fail to point to facts from which a jury could conclude that Det. Slagle did so, that he "step[ed] aside from [Clark County's] purposes in order to pursue a personal objective." *Id.* The motion to summarily dismiss the claim should be granted.

Dkt. 68, at 48.

Plaintiffs now move for a reconsideration of the decision to dismiss their state law claim for negligence against Clark County. Dkt. 69. In clarification of their claim, in Plaintiffs' Trial Brief, Plaintiffs state that:

> In support of the first and second elements of [their negligence] claim [against the county], Plaintiffs will offer the above described evidence regarding Mr. Slagle's disciplinary record and the Sheriff and other administrators' awareness of it. In support of the third and fourth elements, Plaintiffs will offer the testimony of expert witnesses Don Van Blaricom and Michael Nault regarding what a reasonable police administrator would know regarding the duty not to employ unfit detectives and the foreseeable results thereof. In support of the fifth element, Plaintiffs will offer evidence of Mr. Slagle's wrongful acts during this investigation, including the withholding and misrepresentation of exculpatory evidence and suggestive identification procedures described above.

Dkt. 87, at 8.

## II. DISCUSSION

Western District of Washington Rule of Civ. Pro. 7(h)(1) provides that: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

To the extent that Plaintiffs' seek a reversal of the prior Order's dismissal of their state law claim for negligence as articulated in the response to the summary judgment motion, the motion for reconsideration should be denied. To the extent that Plaintiffs seek a clarification of the prior Order, the motion should be granted.

The rulings of the prior Order should be affirmed. As stated in the prior Order, to the extent that Plaintiffs intend to offer evidence in support of their negligence claim based on facts occurring before 2009, their claim should be dismissed as barred by the statute of limitations. That includes the prior Order's ruling regarding Det. Slagle's employment history. The prior Order's holding that "Plaintiffs' state law claims for outrage, negligence, and negligent hiring, training, supervision, and retention, based on the evidence found in the archived box and the report regarding Monte Ollom, should not be dismissed as barred by the statute of limitations" should also be affirmed. To the extent that the state law claims are based on other factual predicates, the decision dismissing them should be affirmed. This ruling does not, and was not intended to apply to evidence/factual predicates offered in support of the federal claims.

Further, to the extent that Plaintiffs' negligence claim against Clark County relates to Det. Slagle's investigation, the prior Order should be affirmed. Plaintiffs' current characterization of the claim appears to be an attempt to get around Washington law that does not recognize a claim for negligent investigation, and should be rejected. As stated in the prior Order, Washington does not recognize a claim for negligent investigation. In addition, the facts in support of this claim are barred by the statute of limitations. Moreover, the prior Order's holding that Plaintiffs must show that the Defendant acted outside the scope of their employment to maintain a claim against the County regarding its independent duty to properly train and supervise its employees should also be affirmed. *LaPlant v. Snohomish County*, 162 Wn.App. 476, 478 (2011).

Plaintiffs have failed to show a "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Their motion for reconsideration should be denied.

There has been substantial confusion regarding Plaintiffs' claims and the factual support for those claims. After reviewing Plaintiffs' Trial Brief, a point of clarification should be made. The prior Order did not, nor was it asked to, dismiss Plaintiffs' claims that Clark County was negligent for its employees' failure, as required under *Brady*, to disclose the contents of the archived box or the report regarding Monte Ollom. To the extent that Plaintiffs maintain a state claim for negligence against Clark County for the County's employees' failure to disclose the contents of the archived box or the report regarding Monte Ollom, that claim is still viable.

It is the Court's understanding that Plaintiffs case may proceed on the following four claims:

1) Plaintiffs' § 1983 claim against Det. Slagle for due process violations in regard to *Brady* materials and suggestive interview techniques;
2) Plaintiffs' § 1983 *Monell* claims against Clark County for due process violations in regard to County policy and failure to train, supervise, discipline, and discharge employees, thereby causing *Brady* and suggestive interview technique violations;
3) Plaintiffs' Washington state intentional infliction of emotional distress claim against Det. Slagle and Clark County based only on events occurring after 2009 (the discovery of the archived box and report regarding Monte Ollom); and
4) Plaintiffs Washington state negligence claim against Clark County for events occurring after 2009 (the discovery of the archived box and report regarding Monte Ollom).

This Order does not mean to imply that there is, in fact, evidence in the record to support each element of each of the foregoing listed claims. The confusion surrounding the claims made

has made it necessary to re-analyze the remaining claims based on the evidence produced at trial - If motions are made, at the conclusion of Plaintiffs' case, attacking the sufficiency of the evidence. -

**III. ORDER**

Accordingly, it is **ORDERED** that:

The reserved issue on Plaintiffs' Motion for Reconsideration/Clarification of the Order on Defendants' Motion for Summary Judgment (Dkt. 69) **IS**

- **GRANTED, IN PART, FOR CLARIFICATION AS FOLLOWS:**
    - To the extent that Plaintiffs maintain a state claim for negligence against Clark County for the County's employees' failure to disclose the contents of the archived box or the report regarding Monte Ollom, that claim was not dismissed by the prior Order; and
- **DENIED IN ALL OTHER RESPECTS.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of September, 2013.

ROBERT J. BRYAN
United States District Judge