UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY DAVIS, and ALAN NORTHROP,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, WASHINGTON, a Municipal Corporation, DONALD SLAGLE,<br><br>Defendants. | CASE NO. 12-5765 RJB<br><br>ORDER ON MOTIONS TO INTERVENE |

This matter comes before the Court on Washington Counties Risk Pool's ("Pool") Motion to Intervene (Dkt. 152) and Lexington Insurance Company's ("Lexington") Motion to Intervene (Dkt. 147). The Court has considered the pleadings filed regarding the motions and the remaining file.

ORDER ON MOTIONS TO INTERVENE- 1

## I. FACTS

**A. BACKGROUND FACTS**

This civil rights case arose from the 1993 convictions of the Plaintiffs for rape and their resulting 17 year prison sentences. In 2010, deoxyribonucleic acid ("DNA") testing led to their exoneration. In their Complaint, Plaintiffs sought damages against Detective Donald Slagle, who was the head investigator of the crime, and against Clark County, Washington, Det. Slagle's employer. Dkt. 1. Plaintiffs asserted that Det. Slagle and Clark County violated their constitutional due process rights and committed various state torts against them. *Id*.

The case went to trial. Dkt. 109. Det. Slagle testified in his defense. Dkt. 145. During Det. Slagle's testimony, on September 27, 2013, the parties informed the Court that they settled the case. Dkt. 146. The settlement included a payment to Plaintiffs for $10.5 million plus an assignment of rights to pursue claims against the County's insurance companies. *Id.* The parties further stipulated to a $17.25 million per Plaintiff judgment to be entered against Defendants. Dkt. 136. On October 30, 2013, upon the parties' stipulated motion, the clerk was ordered to enter a judgment against the Defendants for $34,500,000. Dkt. 137.

**B. BACKGROUND ON MOVING PARTIES – THE POOL AND LEXINGTON**

Under Washington's RCW 48.62.031 and 39.34.010, *et seq*., local government entities are permitted to self insure or form a joint self insurance program with other entities. In 1988, one of the moving parties here, Washington Counties Risk Pool ("Pool") was formed under these statutes. The Pool is not considered an "insurer" under Washington law. RCW 48.01.050. Clark County, Washington has been a member of the Pool since 2002.

All counties in the Pool are parties to the "Washington Counties Risk Pool Interlocal Agreement" ("Interlocal Agreement"). Dkt. 153, at 6-14. Under this agreement, the counties jointly manage the Pool using a board of directors, members of whom are taken from each

1  county. Dkt. 153, at 8. The Pool's responsibilities include providing umbrella coverage for the

2  member counties, providing reinsurance, and setting deductibles and/or coverage limits. Dkt.

3  153, at 9. Pursuant to the Interlocal Agreement, the Pool issued a "Joint Self-Liability Insurance

4  Liability Policy," ("Pool Policy") to member Clark County. Dkt. 153, at 16-26. The Pool Policy

5  has policy limits of $10,000,000 per occurrence. Dkt. 153, at 17.

6  Moving party Lexington is the Pool's excess insurer. Dkt. 147. Lexington's form excess

7  liability policy has a combined $15 million limit of liability. *Id.*

8  The Pool denied coverage for this case and neither the Pool nor Lexington helped Clark

9  County or Det. Slagle defend against Plaintiffs' allegations in this case.

10  **C. POST SETTLEMENT EVENTS**

11  On November 4, 2013, the Pool filed a Complaint for Declaratory Relief and Breach of

12  Contract in Cowlitz County Washington, against Clark County, Det. Slagle, Larry Davis, and

13  Alan Northrop. Dkt. 149-1, at 2-9.

14  On November 6, 2013, Larry Davis, Alan Northrop, Clark County, and Det. Slagle filed

15  Further Notice of Intent to Enter into an Assignment and Covenant Not to Execute, a pleading

16  which concerns the $17.5 million per Plaintiff judgment that was entered in this case. Dkt. 138.

17  On November 12, 2013, moving party Lexington filed the instant Motion to Intervene

18  (Dkt. 147) and a Motion to Stay Plaintiffs' Further Notice of Intent to Enter into an Assignment

19  and Covenant Not to Execute and "any subsequent legal proceedings relating to the

20  reasonableness of the settlement" (Dkt. 148).

21  On November 14, 2013, Plaintiffs filed a Motion for Reasonableness Determination

22  Pursuant to RCW 4.22.060. Dkt. 150.

23  On November 20, 2013, the Pool filed the instant Motion to Intervene. Dkt. 152.

24

1   Both Lexington and the Pool filed Motion[s] for Relief from the Responsive Brief

2 Deadline regarding the Plaintiffs' Motion for Reasonableness Determination. Dkts. 154 and 156.

3   **D.  RIPE MOTIONS**

4   In their motions to intervene, the Pool and Lexington argue that they should be allowed to

5 intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). Dkts. 152, 147, 166 and 165.

6 Plaintiffs state that they do not oppose the Pool or Lexington's intervention for the limited

7 purpose of participating in the reasonableness hearing. Dkts. 163 and 162. Plaintiffs oppose: 1)

8 allowing the Pool or Lexington to stay the reasonableness hearing, 2) allowing them to obtain

9 discovery regarding the reasonableness of the settlement, or 3) having the Court determine

10 whether certain provisions in the insurance policies are valid when those issues will be addressed

11 in the Cowlitz County Washington Superior Court case. Dkts. 162 and 163.

12              **II.       DISCUSSION**

13   Fed. R. Civ. P. 24(a) provides:

14       On timely motion, the court must permit anyone to intervene who: . . .

15       (2) claims an interest relating to the property or transaction that is the subject
         of the action, and is so situated that disposing of the action may as a practical
16       matter impair or impede the movant's ability to protect its interest, unless
         existing parties adequately represent that interest.
17
In the Ninth Circuit, the requirements of intervention of right under Rule 24(a) are:
18
         (1) The applicant's motion must be timely; (2) the applicant must have a
19       "significantly protectable" interest relating to the property or transaction which is
         the subject of the action; (3) the applicant must be so situated that the disposition
20       of the action may as a practical matter impair or impede its ability to protect that
         interest; and (4) the applicant's interest must be inadequately represented by the
21       parties to the action.

22 *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)(*quoting*

23 *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir.2006)). Although Rule

24

24(a) "is construed broadly in favor of intervenors, the applicant bears the burden of showing that each of the four elements is met." *Id.* (*internal citations omitted*).

The Pool's Motion to Intervene (Dkt. 152) and Lexington's Motion to Intervene (Dkt. 147) should be granted. The motions are timely. They were filed well before the reasonableness hearing was noted. Both the Pool and Lexington have shown that they have a "significantly protectable interest" in the reasonableness hearing because their assets are potentially involved. They have shown that having the hearing without them "may as a practical matter impair or impede" their ability to protect their assets. They have shown that the existing parties do not adequately represent their interests. Moreover, Plaintiffs do not oppose the Pool or Lexington's intervention for the limited purpose of participating in the reasonableness hearing.

The other objections Plaintiffs raise: 1) allowing the Pool or Lexington to stay the reasonableness hearing, 2) allowing the Pool and Lexington to obtain discovery, or 3) having the Court rule on the validity of certain provisions in the insurance policies, are issues raised in motions which are not yet ripe and will be considered in due course.

### III.   ORDER

It is **ORDERED** that:

- Washington Counties Risk Pool's Motion to Intervene (Dkt. 152) and Lexington Insurance Company's Motion to Intervene (Dkt. 147) **ARE GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of December, 2013.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge